INSURANCE COMPANY OF NORTH AMERICA and FIRE ASSOCIATION OF PHILADELPHIA

*v.*

ANNA B. CLEVELAND.

[Decided April 22d, 1920.]

Where by mutual mistake a policy of fire insurance was issued to cover property on the *northwesterly* corner of certain streets, when it should have read as covering property on the *northeasterly* corner of the same streets, the policy should be reformed to express the contract on which the minds of the parties met, and which it was intended by them should be reduced to writing as agreed upon.

On pleadings and proofs.

Mr. *Thomas F. McCran,* for the complainants.

Mr. *Wayne Dumont,* for the defendant.

LEWIS, V. C.

On November 9th, 1908, Phœnix Insurance Company insured a frame dwelling-house and contents of defendant, situated on the northwesterly corner of Ridgewood and Strowbridge avenues, Tabor, Morris county, New Jersey, for the sum of $1,500.

On November 9th, 1914, complainant Fire Association of Philadelphia issued what it terms

"a renewal of the original policy of November 9th, 1908, bearing the number A-685995 in the sum of $1,500, $1,300 of which was placed on the dwelling and additions thereto, and the balance of $200 on the furniture and fixtures of the premises on the northwesterly corner of Ridgewood and Strowbridge avenues aforesaid."

At the time of the issuance of the original policy on November 9th, 1908, there was no building erected on the premises so designated. In the month of March, 1909, however, a frame dwelling-house had been erected on those premises; and on March 29th, 1909, they were insured in the sum of $2,000 by an insurance company other than the complainants, but which is not in dispute in this case.

On March 25th, 1914, complainant Fire Association of Philadelphia insured for $1,000 a certain other property of defendant, situated at 30 St. John's avenue, Tabor, aforesaid.

On November 27th, 1916, this policy was transferred to cover the frame dwelling situated on the northwesterly corner of Ridgewood and Strowbridge avenues, which was renewed on March 25th, 1917.

On November 27th, 1916, complainant Insurance Company of North America issued a policy of insurance for $3,500 on a frame dwelling and contents situated on the northwesterly corner of Ridgewood and Strowbridge avenues, at Tabor aforesaid.

On September 16th, 1917, the premises on the northwesterly corner of Ridgewood and Strowbridge avenues were damaged by

fire, and defendant has filed her proofs of loss, and claims for reimbursement on the policies.

The complainants now allege that by mutual mistake the respective policies of insurance were drawn to cover the premises on the *northwesterly* corner of Ridgewood and Strowbridge avenues, when, in fact, it was the intention of all the parties to place the insurance represented by these policies on the premises at the *northeasterly* corner of Ridgewood and Strowbridge avenues; and that defendant is about to commence actions at law against them upon the policies. They pray that the policies mentioned may be reformed so as to set forth the true intent of the parties and the contracts upon which their minds met, respectively, to the end that they may be made to cover the premises on the northeasterly corner instead of the northwesterly corner of Ridgewood and Strowbridge avenues.      •

I am satisfied from the proofs taken that it was the clear intention of the parties to effect the insurance upon the premises at the northeasterly corner of the streets mentioned, instead of the northwesterly corner, in so far as two of the policies are concerned, viz., the policy for $1,500 issued by the Fire Association of Philadelphia, and last renewed on November 9th, 1914, being the renewal of the original policy of November 9th, 1908; and the policy of the Insurance Company of North America for $3,500 issued on November 27th, 1916.

As to the policy of $1,000 issued by the Fire Association of Philadelphia on March 25th, 1914, on the property at 30 St. John's avenue, and which was later transferred on November 27th, 1916, I am satisfied from the proofs presented that it was the clear intention of the parties that that should cover the premises on the northwesterly corner.

Where there is a mutual mistake equity has the power to reform a written instrument, including a policy of insurance, where the instrument does not correctly set forth the contract upon which the minds of the parties met, and which it was intended by them should be reduced to the form of a written instrument as agreed upon. *Dewees v. Manhattan Insurance Co.,*

35 N. J. Law (at p. 371); Doniol v. Commercial Fire Insurance Co., 34 N. J. Eq. 30; Ordway v. Chace, 57 N. J. Eq. 478.

I am of the opinion, therefore, that the prayer of the complainant's bills should be granted as to the two policies mentioned, and that those two policies should be reformed so that the premises may be described as being on the northeasterly corner instead of the northwesterly corner of Ridgewood and Strowbridge avenues; and that the defendant should be restrained from prosecuting any action at law upon them with respect to the damage alleged to have occurred to the property on the northwesterly corner; but that the prayer of the bill should be denied as to the policy for $1,000 originally placed on the property on St. John's avenue, and later transferred to the property on the northwesterly corner of Ridgewood and Strowbridge avenues.

A decree may be entered accordingly.